**UNITED STATES COURT OF APPEALS**

**Filed 1/5/96**

**FOR THE TENTH CIRCUIT**

———————————————

GEORGE E. CARTER,           )
                                     )
     Plaintiff-Appellant,     )
                                     )
v.                                )         No. 95-3282
                                   )  (D.C. No. 92-3303-RDR)
UNITED STATES OF AMERICA,    )     (D. Kansas)
     Defendant-Appellee.     )

———————————————

**ORDER AND JUDGMENT***
———————————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Carter, a pro se litigant, appeals the grant of an adverse summary judgment. We grant Mr. Carter permission to proceed in forma pauperis, exercise jurisdiction, and

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

affirm the judgment of the district court.

The essential facts giving rise to this action are not disputed. Mr. Carter was an inmate in the United States penitentiary at Leavenworth, Kansas, where he was being held for the District of Columbia Department of Corrections. Mr. Carter was serving an aggregate sentence of sixty-seven years and three months for armed robbery, escape, and carrying a pistol without a license. The prison staff confirmed that an inmate had suffered a puncture wound and confirmed that Mr. Carter was involved in this incident. The prison staff determined Mr. Carter should be separated from the assault victim and transfered to a different facility to ensure the secure and orderly operation of the prison. Mr. Carter was subsequently transfered to the United States penitentiary at Lompoc, California.

Mr. Carter commenced this action against the United States under the Federal Tort Claims Act. He sought damages for emotional distress he claims resulted from the negligent handling of his disciplinary action at Leavenworth. The implicit thrust of the complaint was the prison staff who handled the investigation botched the investigation; otherwise, they would have determined Mr. Carter was innocent of assaulting the inmate victim.

The United States moved for summary judgment and attached supporting evidentiary material. The evidence suggested Mr. Carter was neither charged nor disciplined in this

incident with committing a prohibited act in violation of the prison's disciplinary rules. The evidence also indicated Mr. Carter's transfer was not disciplinary but merely intended to separate the two inmates. The United States also attached a "true and accurate copy of the Special Investigation Report which was incorporated into the administrative tort claim investigation." The Government specifically stated it provided this report for "the Court's *in camera* review only because it contains sensitive information that may result in serious security concerns were it revealed."

Mr. Carter did not respond to the motion for summary judgment other than to file evidentiary material indicating the assault victim was released approximately two weeks after being placed in administrative detention. Mr. Carter also asserted he was not the attacker. Mr. Carter did object to any use by the court of the "*in camera*" materials asserting there was no way he could defend against evidence about which he could not know.

The district court then entered its written order granting Defendant's motion for summary judgment. The district court neither utilized nor based its summary judgment upon the *in camera* information submitted. The order stated, in part, as follows:

> On the uncontroverted facts in the record, no breach of a duty owed to plaintiff is demonstrated. Plaintiff mischaracterizes both his segregated confinement and his transfer to another facility as discipline. Instead, it is clear these administrative decisions were based upon security concerns, and involved matters fully within the discretionary authority afforded prison officials in the management of correctional facilities. Accordingly, the court

3

finds no legal merit to plaintiff's claim for damages under the Federal Tort Claims Act, and concludes defendants are entitled to summary judgment in this matter.

Mr. Carter appeals this judgment, arguing he was falsely accused of assaulting another inmate and the accusations were not investigated throughly. He further asserts the *in camera* materials were "not supposed to be admitted as evidence because the defendants had manufactured them."

We have reviewed the record on appeal and Mr. Carter's briefs and arguments. We conclude the Government was entitled to summary judgment. Once the Government offered specific facts in its motion for summary judgment, the burden shifted to Mr. Carter. Mr. Carter could not meet this burden by merely denying the facts set forth by the Government. Nor was it sufficient for Mr. Carter to offer mere allegations. The decision of the trial court was correct and is supported by the record on appeal.

The judgment of the district court is **AFFIRMED** for substantially the same reasons set forth by trial court.

**Entered for the Court:**

_____
**WADE BRORBY**

4

United States Circuit Judge